IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAYMOND T. CRUZ,

    Plaintiff,

  v.

DR. KASAWA, et al.,

    Defendants.
                                /

No. C 08-01788 CW (PR)

ORDER OF DISMISSAL

    Plaintiff, a state prisoner, has filed a pro se complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. Plaintiff has not exhausted California's prison administrative process, however.

    The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a

prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 94 (2006).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed by the court for failure to exhaust if a prisoner

2

1  "conce[des] to nonexhaustion" and "no exception to exhaustion
2  applies."  Id. at 1120.  Here, Plaintiff concedes he has not
3  exhausted his administrative remedies.  Plaintiff has not presented
4  any extraordinary circumstances which might permit him to be
5  excused from complying with PLRA's exhaustion requirement.  Cf.
6  Booth, 532 U.S. at 741 n.6 (courts should not read "futility or
7  other exceptions" into § 1997e(a)).

8      Accordingly, the complaint is DISMISSED without prejudice to
9  refiling after exhausting California's prison administrative
10 process.  See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.
11 2002) (action must be dismissed without prejudice unless prisoner
12 exhausted available administrative remedies before he filed suit,
13 even if prisoner fully exhausts while the suit is pending).

14     Plaintiff's request for appointment of counsel (docket no. 5)
15 is DENIED.

16     The Clerk of the Court shall enter judgment in accordance with
17 this Order and close the file.

18     This Order terminates Docket no. 5.

19     IT IS SO ORDERED.

20 Dated:  10/22/08                    _____
                                       CLAUDIA WILKEN
21                                     UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RAYMOND T. CRUZ,

   Plaintiff,

 v.

KASAWA et al,

   Defendant.

Case Number: CV08-01788 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond T. Cruz H-42586
A3-126L
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: October 22, 2008

             Richard W. Wieking, Clerk
             By: Sheilah Cahill, Deputy Clerk